Sandford, J.,.
(with the concurrence of all the Justices.)— The statute is so explicit that it seems to us there is no room for doubt on the subject. It is true, the necessity for these special matters in the referee’s report, under the code of 1848, arose from the provision in section 222 of that code, which, on a trial by the court, required the judge’s decision to contain the facts found by him and then the conclusions of law upon them; and that this provision was omitted in the corresponding section (§ 267) of the code of 1849. Hence under the latter code, a general report by a referee was proper in the first instance, and we provided for a report of the facts and law, when necessary, by our 18th general rule adopted January 18th, 1851.
But the amendments made to the code in 1851, while they leave trial by the court as it was enacted in 1849, have en- *692 grafted upon “ Trial by Referees,” the provision as to stating the facts and conclusions of law, which in the code of 1848 was applied to trials by the court. In order to give to § 272 of the existing code the construction sought by the plaintiffs, it is necessary to interpolate the words “ when required by a rule of court,” or the like, which we have no right to do.
The practice enforced by the provision in question is a very salutary one, and although in a majority of instances there is no occasion for the special finding, in reference to any ulterior action on the report, the labor of complying with it in those instances will be quite insignificant. In those cases where the report is likely to be reviewed, the statement of its grounds can be made while the subject is pending before the referee, with much less labor to himself and more satisfactorily, than -it can after the cause has passed from him and its circumstances are no longer fresh in his mind.
The report is clearly irregular, but the plaintiff may supply it by a supplemental report on payment of the costs of the motion.